CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 30 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARY SHARON WALKER,                          )
                                             )
          Plaintiff,                         )          Civil Action Nos.: 7:12-cv-564;
v.                                           )                          7:12-cv-615
                                             )
NEW ENGLAND COMPOUNDING                      )          Memorandum Opinion
PHARMACY INC. et al.,                        )
                                             )          Hon. James C. Turk
          Defendants.                        )          Senior United States District Judge
                                             )
BASIL E. PROFFITT,                           )
                                             )
          Plaintiff,                         )
v.                                           )
                                             )
NEW ENGLAND COMPOUNDING                      )
PHARMACY INC. et al.,                        )
                                             )
          Defendants.                        )

This matter is before the Court on Defendant Image Guided Pain Management's Motions

for Reconsideration (ECF Nos. 28, 27)[1] of this Court's Memorandum Opinion and Order staying

the proceedings, dated May 6, 2013. ECF Nos. 26, 27 (Walker) & 24, 25 (Proffitt).  In that

Memorandum Opinion and Order, the Court stayed both cases pending decisions by the Judicial

Panel on Multidistrict Litigation ("JPML")[2] and MDL Court, the judge to whom the JPML has

transferred the meningitis cases related to the New England Compounding Pharmacy, d/b/a the

---

[1] Throughout this Order, the ECF Numbers in Ms. Walker's case are listed first and Mr. Proffitt's second.

[2] The JPML will consider whether to transfer these actions to the MDL Court on May 31, 2013.

New England Compounding Center ("NECC").[3] The cases were stayed in part because this Court has significant doubts about its own jurisdiction. Image Guided Pain Management ("IGPM") now argues that the stay should be lifted, and its motions to dismiss under Rule 12(b)(6) granted, in spite of the uncertainty of this Court's jurisdiction, because the question of jurisdiction is intimately tied up in the merits of the Plaintiffs' claims.

The Supreme Court has squarely addressed the proper order of addressing jurisdictional questions and the merits.

> We decline to endorse [an approach of "assuming" jurisdiction for the purpose of deciding the merits] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514 (1868). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." Great Southern Fire Proof Hotel Co. v. Jones, [177 U.S. 449, 453 (1900)]. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). The Supreme Court could hardly be clearer that federal courts must assure their own jurisdiction before addressing the merits of the action.

To this end, the Court has stated previously that the jurisdictional questions here are not straightforward, largely because of the NECC bankruptcy. Under the test articulated in Meyers v. Bayer AG, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), this Court thus stayed these actions while the

---

[3] This judge is Judge Saylor of the District of Massachusetts. He has been assigned as the transferor judge for these cases. Before him is NECC's Chapter 11 Trustee's Motion to Transfer these and other cases pursuant to 28 U.S.C. §§ 157(b)(5) and 1334.

JPML and the MDL Court consider whether these actions should be transferred to the MDL Court. Deciding the jurisdictional issue may be entirely unnecessary because NECC's Chapter 11 Trustee claims that Judge Saylor may transfer these cases from federal or state court under 28 U.S.C. §§ 157(b)(5) and 1334. See generally Walker, No. 7:12-cv-564, ECF No. 23-1; Proffitt, No. 7:12-cv-615, ECF No. 15-1. For these reasons, the Court finds no reason to alter its previous decision.

IGPM, however, relies on an exception to the "jurisdiction first" principle, which is applicable where the issue of determining whether a federal court has jurisdiction is intertwined with deciding the case on the merits, as set forth in Bell v. Hood[4] and its progeny.

Bell v. Hood dealt with the common problem of determining whether a Plaintiff asserts a violation of federal law, which alleged violation also serves as the basis for federal question jurisdiction. The plaintiffs in Bell alleged Fourth and Fifth Amendment violations and the district court dismissed for lack of jurisdiction on the grounds that the action did not arise under the Constitution or federal law. The Supreme Court reversed, holding that when a district court concludes that the allegations fail to state a cause of action, this should result in dismissal on the merits, not dismissal for lack of jurisdiction, with limited exceptions not applicable here. Bell, 327 U.S. at 682. In this sense, the Court "must assume jurisdiction to decide whether the allegations state a cause of action." Id.; see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996); Estate of Soler v. Rodriguez, 63 F.3d 45, 47 n.1 (1st Cir. 1995) ("Where both federal jurisdiction and the existence of a federal claim turn upon whether the complaint states a federal question, the preferable practice is to assume that jurisdiction exists and proceed to determine whether the claim passes muster under Rule 12(b)(6).").

_____

[4] 327 U.S. 678, 682-83 (1946).

While this exception to the general rule is well-established, it is ultimately inapplicable to the question before the Court. Plaintiffs here claim no violation of federal law; in fact, the causes of action in both cases are based squarely upon state law. IGPM has cited no authority for the applicability of this exception outside the realm of federal question jurisdiction, but seeks to apply it here concerning diversity jurisdiction because it argues that the merits are similarly intertwined with the question of jurisdiction.

After considering IGPM's argument and the absence of authority justifying its acceptance, the Court declines to depart from the settled requirement that jurisdictional questions must be addressed before the merits. In the cited cases, the courts assured that they possessed jurisdiction by addressing the merits to determine if the plaintiffs' claims arose under the Constitution or federal law. By contrast, IGPM asks this Court to simply assume that it possesses jurisdiction to reach the merits, but the inquiry into the merits would be completely divorced from confirming jurisdiction. It is in this sense—assuming jurisdiction not to confirm it, but merely to pretend that it exists to expedite consideration of the merits—that what IGPM is asking the Court to do is far different than what occurred in the cases it cites. What IGPM advocates is exactly what the Supreme Court prohibited in <u>Steel Co</u>, 523 U.S. at 94-95. The Court is unwilling to take such an adventurous step, especially in light of the bedrock principles that dictate an initial inquiry into the Court's authority. The Motions for Reconsideration are denied.

An appropriate order shall issue this day.

ENTER: This _30th_ day of May, 2013.

Hon. James C. Turk
Senior United States District Judge